UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Justin A. Johnson,<br><br>                Plaintiff,<br>vs.<br><br>Pastor R.A Vernon, et al.,<br><br>                Defendant. | Case No. 2:24-cv-02421-RFB-MDC<br><br>REPORT AND RECOMMENDATION TO DISMISS CASE<br><br>And<br><br>ORDER DENYING PLAINTIFF'S IFP APPLICATION (ECF NO. 10); MOTION TO NO LONGER WANT TO PROCEED IN THIS CASE (ECF NO. 14); MOTION FOR PROCESSED VITAL EXTREME (ECF NO. 15); APPLICATION FOR PROTECTION (ECF NO. 24); APPLICATION FOR PROTECTION (ECF NO. 25); MOTION FOR FINANCES OF HUMAN TRAFFICKING (ECF NO. 26) |

Pro se plaintiff Justin A. Johnson filed a renewed *Application to Proceed In Forma Pauperis* ("IFP") (ECF No. 10), a *Motion to No Longer Want to Proceed in this Case* (ECF No. 14); *Motion for Processed Vital Extreme* (ECF No. 15); *Application for Protection* (ECF No. 24); *Application for Protection* (ECF No. 25); and a *Motion for Finances of Human Trafficking* (ECF No. 26). The Court recommends that this case be DISMISSED. The Court DENIES plaintiff's collective motions and applications (ECF No. 14, 15, 24, 25, and 26) and DENIES his IFP application (ECF No. 10) as moot.

I. DISCUSSION

  A. Legal Standard

District courts have the authority to dismiss cases sua sponte without notice to the plaintiff when he "cannot possibly win relief." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). A

complaint should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez,* 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). When a court dismisses a complaint, the plaintiff should be given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Pursuant to 28 U.S.C. § 1391(b):

(b) Venue in general. A civil action may be brought in—
(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

"The venue statutes are generally intended to protect a defendant from being forced to defend in an unfair or inconvenient forum." *Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1106 (C.D. Cal. 2001). Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." See *Goldlawr, Inc. v. Heiman*, 369 U.S. 463,

2

466, 82 S. Ct. 913, 8 L. Ed. 2d 39 (1962) (holding that "[t]he language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not.").

B. **Plaintiff's IFP Application**

The Court previously denied plaintiff's IFP application as incomplete. *ECF No. 6*. The Court ordered that, "[p]laintiff must answer all questions on the long form with detailed explanations about his income and expenses. Plaintiff cannot leave any questions blank or respond that a question is "N/A" without an explanation." *Id.* at 3. Plaintiff responds that most of the questions in his renewed IFP application are not applicable to him by writing "N/A" and he does not provide an explanation. *ECF No. 10*. The Court denies the renewed IFP application as moot, however, because plaintiff's proposed complaint (*ECF No. 1-1*) is frivolous and delusional as contemplated by the United States Supreme Court in *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). Even if plaintiff's complaint is not delusional, the plaintiff has not filed this case in the proper venue.

C. **Plaintiff's Complaint**

Plaintiff's complaint is difficult to follow, but he states in the proposed complaint that while he was living in North Carolina, a pastor in Ohio, police officers in South Carolina, and another pastor in South Carolina conspired together to force him to act in movies and on TV without his consent on different media platforms. *ECF No. 2-1 at 5*. Plaintiff alleges that the defendant pastors and cops trafficked him and sexually and physically abused him. *Id.* Plaintiff also alleges that the defendants paid his family to make "negative happenings" in his life. *Id. at 4*. Plaintiff alleges that the defendants stole his ID, property, and kept him as a "private inmate." *Id.* The Court finds that plaintiff's claims in the instant complaint are frivolous and delusional. Factually frivolous claims are those premised on "clearly

3

baseless" factual contentions, such as claims "describing fantastic or delusional scenarios." *Neitzke*, 490 U.S. at 327-28. Plaintiff's claims that the defendants trafficked him for the purpose of acting on TV and in movies is a delusional scenario.

Even if the complaint is not frivolous and delusional, plaintiff has filed this case in the wrong venue. Although plaintiff lives in Las Vegas now, he alleges that the events in his complaint took place while he lived in North Carolina. The defendants live in Ohio and South Carolina. Because none of the provisions of § 1391(b) are met in this case, venue is not proper in the District of Nevada. Plaintiff could have brought this case in North Carolina since a substantial part of the alleged events giving rise to this litigation occurred there. Given the factually frivolous nature of plaintiff's claims, however, the Court finds that transferring this case to a new venue would not serve the interests of justice. The Court recommends dismissing this case. Plaintiff will not be prejudiced because he can refile this case in the proper venue and continue this case, if he chooses, in the correct forum.

### D. Plaintiff's Motions

Plaintiff has filed multiple duplicative motions. The Court denies his *Motion to No Longer Want to Proceed in this Case* (ECF No. 14) because he then filed a *Motion for Processed Vital Extreme* (ECF No. 15), which indicated that he did want to proceed in this case. Plaintiff asks the Court to expedite his Motions, which the Court denies, because plaintiff's filing is not an emergency. Plaintiff repeats many of his delusional and vague claims, such as that the defendants are using his identity in entertainment venues. *ECF No. 15 at 2*. Plaintiff's *Applications for Protection* (ECF Nos. 24 and 25) are Las Vegas Justice Court forms for such applications to be filed in Las Vegas Justice Court. One of the applications appears to be made against himself (ECF No. 24) and the other (ECF No. 25) against Pastor R.A. Vernon, who apparently lives in Cleveland, Ohio (ECF No. 2-1). . Plaintiff has filed these documents in the wrong court. If plaintiff seeks a restraining order, he should file his Application in Justice Court in

4

the State of Nevada. The Court thus denies these Applications. *ECF Nos. 24 and 25.* In plaintiff's *Motion for Finances of Human Trafficking* (ECF No. 26), he appears to be asking the Court to order the defendants to pay him back wages for eighteen years. *Id.* at 2. The Court denies the *Motion for Finances of Human Trafficking* because he appears to be asking for damages and a resolution of his case. Since the Court finds that the facts of this case are frivolous and delusional under *Neitzke*, the Court denies this Motion. Given the number of plaintiff's filings, the Court also cautions plaintiff not to file anymore motions unless his case survives dismissal.

**IT IS SO RECOMMENDED AND ORDERED:**

The Court **RECOMMENDS** that plaintiff's Justin A. Johnson's case be DISMISSED.

The Court **ORDERS** that plaintiff's:

1. Renewed *Application to Proceed In Forma Pauperis* (ECF No. 10) is DENIED AS MOOT.

2. *Motion to No Longer Want to Proceed in this Case* (ECF No. 14) is DENIED.

3. *Motion for Processed Vital Extreme* (ECF No. 15) is DENIED.

4. *Application for Protection* (ECF No. 24) is DENIED.

5. *Application for Protection* (ECF No. 25) is DENIED.

6. *Motion for Finances of Human Trafficking* (ECF No. 26) is DENIED.

**IT IS SO RECOMMENDED AND ORDERED.**

DATE: June 30, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk

of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**